UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DONALD CHADWICK, Jr.,

    *Plaintiff,*　　　　　　　　　　CASE NO. 14-CV-13434

v.

BANK OF AMERICA, N.A.,　　　　　DISTRICT JUDGE THOMAS LUDINGTON
　　　　　　　　　　　　　　　　MAGISTRATE JUDGE PATRICIA T. MORRIS
    *Defendant.*

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (Dkt. 7)**

## I.　RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Dkt. 7) be **GRANTED**.

## II.　REPORT

### A.　Introduction

This mortgage foreclosure action was originally filed in the Midland County Circuit Court, State of Michigan, and the case was removed to this Court on September 4, 2014, by Defendant Bank of America, N.A. ("BANA"). (Dkt. 1.)  The case was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge for general case management on September 5, 2014. (Dkt. 5.)

On October 3, 2014, Defendant BANA filed the instant motion to dismiss. (Dkt. 7.) Plaintiff responded on December 2, 2014 (Dkt. 13), and Defendant replied. (Dkt. 14.) Therefore, the motion is ready for report and recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(1).

### B. Factual Background

Plaintiffs' property is commonly known as 4374 E. Freeland Road, Freeland, Michigan 48623 (the "property"). (Dkt. 1 at ID 8.) Plaintiff alleges that he requested a "full accounting" from Defendants with respect to his property under Mich. Comp. Laws § 440.9210 "[a]t least twenty days prior to the institution of this action" but that Defendant did not respond. (Dkt. 1 at ID 8-9.) On August 24, 2009, Plaintiff entered into a promissory note ("Note") with W.J. Bradley Mortgage Corporation ("Bradley") in the amount of $169,851.00. (Dkt. 1 at ID 9; Dkt. 7 at ID47-48, Ex. 1.) As security for the Note, Plaintiff also executed a mortgage on the property. (Dkt. 7 at ID 48, Ex. 2.) The mortgage named Mortgage Electronic Registration System, Inc. ("MERS") as mortgagee and nominee of Bradley. (*Id*.) On April 23, 2012, MERS, as nominee for Bradley, assigned the mortgage to BANA. (Dkt. 7 at ID 48, Ex. 3.)

Plaintiff defaulted, foreclosure by advertisement proceedings were commenced, and culminated in a sheriff's sale on August 5, 2014. Defendant BANA purchased the property and received a sheriff's deed on mortgage sale. (Dkt. 7 at ID 49, Ex. 4.)

Plaintiff's complaint alleges: (1) securitization: "[s]aid alleged creditor did not advance Plaintiff money through the securitization chain but instead allegedly advanced

2

Plaintiff money directly from an escrow account, a Superfund, that commingled the money of all investors without regard to REMICs, trusts or any other entity to whom the alleged Note was allegedly made . . . ."; (2) assignment: "Defendant has alleged to have assigned and/or been assigned the alleged Deed of Trust to another party and/or from another party . . . Michigan law only allows a HOLDER IN DUE COURSE to foreclose on real property . . . ."(Dkt. 1 at ID 9-15.) The only Count is Count I which asserts a claim for quiet title. (Dkt. 1 at ID 15.) Plaintiff's complaint does not dispute that he defaulted on the mortgage loan nor does it allege that the foreclosure process was improper. In addition, Plaintiff does not aver that he ever attempted to redeem the property.

### C.  Motion Standards

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6)

of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. " *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co*., 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

### D.  Analysis & Conclusions

### 1.  Standing Under Michigan Law

#### a.  *Governing Standards*

Under Michigan law, "[w]hen the redemption period expires, the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property." *Carmack v. Bank of New York Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25, 2012) (citing Mich. Comp. Laws § 600.3236). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Overton v. Mortgage Elec. Reg. Sys.*, No. 07-725429, 2009 WL 1507342, at *1 (Mich. Ct. App. 2009).

The Michigan Court of Appeals has affirmed the holding in *Overton* even where the plaintiff filed suit before expiration of the redemption period. *Awad v. General Motors Accept. Corp.*, No. 302692, 2012 WL 1415166, at *3 (Mich. Ct. App. 2012). The court reiterated that "[u]pon the expiration of the redemption period, [plaintiff] lost all right, title, and interest in the property and therefore, lost her standing to sue." *Id.*; *see also Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012); *Kumar v. U.S. Bank Nat'l Ass'n,* No. 12-cv-12624, 2013 WL 783999, at *2 (E.D. Mich. Mar. 1, 2013); *Costell v. Bank of New York Mellon*, No. 12-cv-15063, 2013 WL 317746, at *3 (E.D. Mich. Jan. 28, 2013) ("The commencement of legal proceedings prior to the expiration of the redemption period does not preserve a mortgagor's standing to

challenge the foreclosure sale."); *Allor v. Federal Home Loan Mort. Corp.*, No. 12-12290, 2012 WL 5265738, at *2 (E.D. Mich. Oct. 24, 2012); *Sylvester v. Fannie Mae*, No. 12-13186, 2012 WL 4694348, at *2 (E.D. Mich. Oct. 3, 2012) ("[T]hat Plaintiff filed her suit before the redemption period expired does nothing to advance her claims"); *Chungag v. Wells Fargo Bank, N.A.*, No. 12-11073, 2012 WL 1945483, at *4 (E.D. Mich. May 30, 2012); *Duff v. Federal Nat'l Mort. Ass'n,* No. 11-cv-12474, 2012 WL 692120, at *3 (E.D. Mich. Feb. 29, 2012); *Luster v. Mortgage Elec. Reg. Sys.,* No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012).[1]

The Sixth Circuit has held in several unpublished decisions that the Michigan "holdings 'do[] not turn on [the] standing doctrine[]'" but that it is "more accurate to say that the 'fraud or irregularity' claims in *Overton*, *Awad*, and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani v. Indymac Mort. Servs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013) (citing *Houston v. U.S. Bank Home Mort. Wisc. Serv.*, No. 11-2444, 2012 WL 5869918, at * 4 (6th Cir. Nov. 20, 2012)). The high standard referred to by the Sixth Circuit is "whether [the plaintiff] made a sufficient showing of 'fraud or irregularity' in

---

[1] *But see Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 823-24 (E.D. Mich. Mar. 19, 2012) (disagreeing with cases finding that plaintiffs lack standing after redemption period expires because plaintiffs are the last owner and possessor of the property and often remain in possession of the property notwithstanding any sheriff's sale, which should satisfy the injury-in-fact requirements for standing, but ultimately concluding that the "court does not need to resolve Plaintiffs' standing . . . because, even assuming they have such standing, their claims are still subject to dismissal . . . ."); and *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. 2012).

connection with the sheriff's sale of his home to 'undo the divestment of [his] property.'" *El-Seblani*, 510 F. App'x at 429; *Houston*, 2012 WL 5869918, at *5.

The Sixth Circuit has explained in a published opinion that "[w]hether the failure to make this showing is best classified as a standing issue or a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, 714 F.3d 355, 359-60 (6th Cir. 2013). Finally, the Sixth Circuit has emphasized that any alleged fraud or irregularity "'must relate to the foreclosure procedure itself.'" *Id.* at 360 (citation omitted).

### b. *Application*

I suggest that none of Plaintiff's allegations establish a defect or irregularity in the foreclosure process sufficient to provide standing under Michigan law to have the foreclosure set aside after the lapse of the redemption period. Plaintiff has not challenged the fact that they defaulted, that foreclosure by advertisement proceedings were properly commenced, that Defendant purchased the subject property, and that no attempts at redemption were made by Plaintiff during the statutory redemption period. Plaintiff instead only makes a reference to Mich. Comp. Laws § 440.9210, which applies to requests for accounting on secured transactions. (Dkt. 1 at ID 9.) I note that even if that section somehow applied to this case, the remedies available do not include setting aside a sheriff's deed or quieting title. Mich. Comp. Laws § 440.9625.

7

### 2. Prejudice Under Michigan Law

I further suggest that even if there had been a defect or irregularity in the notice of the foreclosure or the foreclosure proceeding itself, any such defect would have rendered the foreclosure voidable and not void. *See Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 118, 825 N.W.2d 329 (2012) ("[W]e hold that defects or irregularities in a foreclosure proceeding result in a foreclosure sale that is voidable, not void *ab initio*."); *Jackson Inv. Corp. v. Pittsfield Prod., Inc.*, 162 Mich. App. 750, 755, 413 N.W.2d 99, 101 (1987) ("A defect in notice renders a foreclosure sale voidable and not void."); *Mitan v. Fed. Home Loan Mort. Corp.*, 703 F.3d 949, 952 (6th Cir. 2012) ("Notice defects render a foreclosure voidable."). Since the sale is voidable, plaintiffs "must show that they were prejudiced by defendant's failure to comply with MCL 600.3204," i.e., "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich. at 118.

Federal case law has consistently held that where plaintiffs have admitted default, received notice of default, failed to show they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and shown no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them. *See, e.g., Harrison v. Bank of America, N.A.,* No. 12-cv-12281, 2013 WL 440163, at *4 (E.D. Mich. Jan 17, 2013); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *6 (E.D. Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-cv-10264, 2012 WL 1094333, at *7 (E.D. Mich. Mar. 30,

2012); *Caillouette v. Wells Fargo Bank, N.A.*, No. 11-cv-10204, 2012 WL 1033498, at *8 (E.D. Mich. Mar. 27, 2012).

I suggest that Plaintiff in the instant case suffers from the same failure: he has not sufficiently alleged prejudice. Here, Plaintiff has not challenged the fact that he defaulted on the loan, nor has he alleged that he ever attempted to redeem the property. Thus, even if he could show some defect, I suggest that he cannot show prejudice and cannot receive the relief he requests. I therefore suggest that Defendant's motion to dismiss be granted based on Plaintiff's lack of standing (or failure to meet the requirements of fraud or irregularity) and failure to aver the prejudice necessary to render any defect or irregularity voidable.

### 3. Merits of Plaintiff's Claim – Quiet Title

Even if Plaintiff has standing, I suggest that he has not stated a claim upon which relief could be granted. I therefore suggest that Defendant's motion to dismiss should be granted on the merits.

Under Michigan law, an action to quite title is "equitable in nature." Mich. Comp. Laws § 600.2932(5). The doctrine of unclean hands applies in equitable actions, including quiet title actions. *McFerren v. B&B Inv. Group*, 655 N.W.2d 779 (Mich. Ct. App. 2002). "The clean hands maxim is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." (*Id.* at 783 (citations omitted).) Where, as here, Plaintiff received $169,851, failed to pay

the debt as agreed and then "sought judicial assistance in avoiding [his] contractual obligations[,]" the doctrine of unclean hands applies to close the doors to equitable relief, such as quiet title. *See Yuille v. American Home Mort. Servs., Inc.*, No. 10-2564, 2012 WL 1914056, at *1-2 (6th Cir. May 29, 2012). I therefore suggest that even if the merits were addressed, Plaintiff has not met his burden to establish a prima facie case of title free of valid liens. I therefore suggest that this claim be dismissed.

### E. Conclusion

For the reasons stated above, I suggest that Defendant's motion to dismiss should be granted.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 13, 2015  S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to John Donald Chadwick, Jr. at 4374 East Freeland Road, Freeland, MI 48623.

Date: March 13, 2015  By s/ Kristen Krawczyk
Case Manager to Magistrate Judge Morris